UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC7, MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant. | Case No. 2:18-cv-00363-RFB-VCF<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Defendant's Motion to Dismiss (ECF No. 11), Plaintiff's Motion for Partial Summary Judgment (ECF No. 35), and Defendant's Motion for Summary Judgment (ECF No. 40).

In the complaint filed February 28, 2018, Plaintiff seeks declaratory relief and injunctive relief on the basis of a quiet title claim. ECF No. 1. For the reasons stated below, the Court grants the Motion to Dismiss and dismisses Plaintiff's complaint in its entirety.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Plaintiff's complaint. ECF No. 1. The Court also takes judicial notice of the publicly filed documents attached to the submissions regarding the motion to dismiss.

///

On or about April 12, 2006, Oliver J. Siores ("Borrower") purchased real property located at 6906 Graceful Cloud Avenue, Henderson, NV 89011-4980; Parcel No. 161-35-213-104 (the "Property"). Borrower financed ownership of the property by way of loan in the amount of $135,000.00 secured by a Deed of Trust dated April 12, 2006, executed in favor of non-party the First National Bank of Arizona. The Deed of Trust was assigned to Plaintiff on January 7, 2010. Siores defaulted under the terms of the note and Deed of Trust by failing to make all payments due.

The Property was encumbered by a homeowners' association lien in favor of the Mesa Homeowners Association ("HOA"). Upon information and belief, Borrower purportedly failed to pay the HOA all amounts alleged due to the HOA.

On October 16, 2012, the HOA, through its agent, Alessi & Koenig, LLC ("Alessi"), recorded a Notice of Delinquent Assessment Lien. This Notice stated the amount due to the HOA was $4,140.65, consisting of $4,065.65 in collection and/or attorneys' fees, assessments, interest, late fees, and service charges and $75.00 in collection costs. The Notice did not identify the super-priority amount claimed by the HOA.

On May 6, 2013, the HOA, through Alessi, filed a Notice of Default and Election to Sell Under Homeowners Association Lien. This Notice of Default stated the amount due to the HOA was $5,634.11 but did not identify the super-priority amount claimed by the HOA.

After the Notice of Default was recorded, Bank of America, who then serviced the loan secured by the Deed of Trust, through counsel at Miles Bauer Bergstrom & Winters ("Miles Bauer"), contacted Alessi and requested a payoff ledger detailing the amounts owed in an attempt to determine the super-priority amount. Alessi sent a payoff ledger, and informed Bank of America that the last nine months of delinquent assessments for the Property—the super-priority amount— was $630.00. Accordingly, Bank of America, through Miles Bauer, tendered payment of $630.00 to Alessi to satisfy the super-priority portion of the HOA's lien on July 11, 2013. Alessi rejected the payment.

/ / /

/ / /

On November 5, 2013, the HOA, through Alessi, recorded a Notice of Trustee's Sale, setting the sale for December 4, 2013. This Notice of Sale stated the amount due to the HOA was $7,818.81. The Notice of Sale did not identify the super-priority amount claimed by the HOA.

The HOA non-judicially foreclosed on the Property on December 4, 2013, selling the Property to Defendant for $14,000.00.

In none of the recorded documents nor in any notice did the HOA or Alessi specify whether it was foreclosing on the purported super-priority portion of its lien, if any, or on the sub-priority portion of its lien. In none of the recorded documents nor in any notice did the HOA or Alessi specify that the Deed of Trust would be extinguished by the HOA's foreclosure. The HOA's sale of the property to Defendant was for approximately 10% of the value of the principal balance on the senior deed of trust.

### III. PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on February 28, 2018. ECF No. 1.

Defendant filed the instant Motion to Dismiss on April 23, 2018. ECF No. 11. The Court entered a scheduling order on June 5, 2018. ECF No. 18. Apart from one disputed deposition, discovery concluded on October 22, 2018.

Plaintiff filed the instant Motion for Partial Summary Judgment on November 21, 2018. ECF No. 35. Defendant filed the instant Motion for Summary Judgment on January 22, 2019. ECF No. 40.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## V. DISCUSSION

Defendant argues that Plaintiff's claims are time barred. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The sale of the Property took place on December 4, 2013 and Trustee's Deed Upon Sale vesting title in Defendant was recorded on December 9, 2013. Plaintiff filed its Complaint over four years later on February 28, 2018.

Plaintiff argues that the cause of action in fact accrued on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). Plaintiff argues that it could not have been aware of its cause of action until the holding in SFR Investments that Nevada Revised Statute ("NRS") 116.3116 established a super-priority lien. But the Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 398 P.3d 292, 295 (Nev. 2017). Moreover, a simple review of the plain text of the statute at the time would have put Plaintiff on notice of its claim as the statute clearly references a super-priority interest. NRS 116.3116. The Court finds that because NRS 116.3116 was in effect at the time of foreclosure sale, the cause of action accrued at that time.

Plaintiff's complaint seeks quiet title on the basis that: (1) NRS Chapter 116 facially violates Plaintiff's due process rights under the federal constitution; (2) the recorded notices failed to describe the lien in sufficient detail required by Nevada law, including a failure to identify the super-priority amount and the consequences for failure to pay the super-priority amount; (3) Defendant wrongfully rejected Plaintiff's tendered payment of the super-priority amount; (4) the sale was oppressive and unfair; (5) the recorded notices failed to describe the lien in sufficient detail required by constitutional due process, including a failure to identify the super-priority amount and the consequences for failure to pay the super-priority amount; (6) Defendant's

4

rejection of Plaintiff's payment of the super-priority amount violated Plaintiff's due process rights under the federal constitution; and (7) Defendant does not qualify as a bona fide purchaser for sale.

The Court finds that all of Plaintiff's claims are foreclosed by the applicable statutes of limitations. Actions upon a liability created by statute carry a three-year statute of limitations pursuant to NRS 11.190(3)(a). To the extent Plaintiff argues that the recorded notices fail to comply with Nevada law under NRS Chapter 116 or any other statute, the argument is foreclosed. The Court finds that Plaintiff's argument that the recorded notices failed to describe the lien in sufficient detail required by Nevada law, including a failure to identify the super-priority amount and the consequences for failure to pay the super-priority amount, and its argument that Defendant wrongfully rejected Plaintiff's tendered payment of the super-priority amount are subject to a three-year statute of limitations as they derive from rights and process in NRS Chapter 116.

Plaintiff's remaining claims, including its constitutional claims regarding the facial constitutionality of NRS Chapter 116, the as-applied constitutionality of the notices and rejected tender in this case carry at most a four-year statute of limitations pursuant to the catch-all provision at NRS 11.220. The four-year limitation of the catch-all provision similarly bars Plaintiff's equitable claims related to tender, unfair sale, and bona fide purchaser status, as well as Plaintiff's claim that the recorded notices fail to comply with Nevada law on bases other than statutory provisions.

Plaintiff argues that its request for declaratory relief is not barred by the statute of limitations. But because "[a] claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims," Zuill v. Shanahan, 80 F.3d 1366, 1369–70 (9th Cir. 1996), the Court finds that statutes of limitations as outlined above apply to bar declaratory relief. Facklam, relied upon by Plaintiff, holds only that a statute of limitations does not operate to bar a nonjudicial foreclosure, as such a foreclosure is neither a civil nor a criminal judicial proceeding, but Facklam does not hold that a statute of limitations cannot bar a judicial action challenging a nonjudicial foreclosure. See Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr., 401 P.3d 1068, 1070–71 (Nev. 2017) (en banc).

///

5

Further, while Nevada law recognizes that "[t]he statute of limitations applies differently depending on the type of relief sought" and that "claimants retain the right to prevent future violations of their constitutional rights [through prospective relief]," City of Fernley v. State, Dep't of Tax, 366 P.3d 699, 706 (Nev. 2016), the relief Plaintiff seeks is retrospective in nature. Plaintiff attempts to craft its relief in a manner to suggest it is prospective: whether Plaintiff can proceed to judicially foreclose on the senior deed of trust. But to so find, the Court would first need to award retrospective relief by finding that the foreclosure sale did not extinguish the deed of trust or that the foreclosure sale was void, meaning a deed of trust existed on which the judicial foreclosure claim could proceed.

Additionally, the Court finds that NRS 106.240 does not extend the applicable statute of limitations to a ten-year term. NRS 106.240 does not create a statute of limitations; "NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." Pro-Max Corp. v. Feenstra, 16 P.3d 1074, 1077 (Nev. 2001).

Plaintiff is also not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

Plaintiff argues that Defendant is estopped from asserting a statute of limitations argument where Defendant's own prior conduct caused Plaintiff to run afoul of the statute and it is equitable to hold Defendant responsible for that result. The Court rejects Plaintiff's assertion that Defendant's conduct somehow contributed to statutory violations in the form of the rejection of the alleged tender. The allegation of a rejection of tender does not establish misconduct. Plaintiff was not prevented from pursuing any legal remedies after the foreclosure sale.

The Court also rejects Plaintiff's argument that Defendant failed to take any action after the HOA foreclosure sale to extinguish Plaintiff's deed of trust, constituting evidence that

6

Defendant conceded the ongoing validity of Plaintiff's trust. Plaintiff's argument suggests that Defendant would have needed to bring its own lawsuit in order to avoid waiver of the statute of limitations. The Court finds that no such requirement is supported by Nevada law and Plaintiff has identified no Nevada precedent or statute which requires such action by Defendant. Defendant did not have to take any action to extinguish Plaintiff's deed of trust, as the deed of trust was extinguished at the HOA foreclosure sale pursuant to NRS 116.3116. Defendant did not have to take any action at that time to preserve a statute of limitations defense in the present action.

Based upon the above findings, the Court thus declares that Plaintiff has no enforceable lien, interest or property right in the real property located at 6906 Graceful Cloud Avenue, Henderson, NV 89011-4980; Parcel No. 161-35-213-104. The Court further finds that there is no basis to support the lis pendens in this case as Plaintiff has no existing interest in this property. NRS 14.015. The lis pendens shall therefore be expunged.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is GRANTED, that all other pending motions (ECF Nos. 35, 40) are DENIED as moot, and that Plaintiff's Complaint is DISMISSED in its entirety with prejudice. The Clerk of Court shall enter judgment accordingly in favor of Defendant and close this case.

**IT IS FURTHER ORDERED** that the lis pendens recorded against the Property in the Official Records of the Clark County Recorder as Instrument No. 201803010002730 is expunged. The Clark County Recorder is directed by this Order to expunge this lis pendens.

DATED: March 26, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE